IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS,<br>   #2253451,<br>       MOVANT,<br><br>v.<br><br>FNU LNU,<br>       RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:22-CV-1768-X-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On August 9, 2022, John Francis, a Texas inmate proceeding *pro se*, filed one-page correspondence addressed to the District Clerk, in which he appears to ask that he be granted an "appeal" that a state court judge had already "granted." Doc. 3. He avers he can prove that he is not guilty and desires to file a "complaint" because (1) neither the state court judge nor assistant district attorney was present at an unspecified hearing and (2) police officers did not read him his rights when he was "handcuffed" at his apartment or show him a warrant. Doc. 3.

Because it is unclear if Francis is seeking a release from confinement pursuant to 28 U.S.C. § 2254 or some other type of relief, such as monetary damages pursuant to 42 U.S.C. § 1983, and because Francis failed to pay the appropriate filing fee or file a motion to proceed *in forma pauperis*, on October 14, 2022, the Court issued a notice of deficiency and order

permitting Francis an opportunity to amend his claims to state either a habeas action under Section 2254 or a civil rights action under Section 1983. *See* Doc. 5. The order further noted that, under either statute, Francis must pay the appropriate filing fee or obtain leave to proceed *in forma pauperis*. Doc. 5. The Court also directed the Clerk of Court to send Francis a form Section 2254 habeas petition, a form Section 1983 civil rights complaint, and a form motion for leave to proceed *in forma pauperis* (prisoner). Doc. 5.

Francis's deadline to comply with the Court's October 14, 2022 order was November 11, 2022. Doc. 5. However, Francis neither filed an amended habeas petition or civil rights complaint, nor paid the filing fee or moved for leave to proceed *in forma pauperis*. Thus, on December 4, 2022, the Court entered a second notice of deficiency and order, again prompting Francis to amend his claims to state either a habeas action under Section 2254 or a civil rights action under Section 1983 and move to proceed *in forma pauperis* or pay the appropriate filing fee. Doc. 6. Francis's deadline to comply with the second deficiency order was December 27, 2022, but as of the date of this recommendation, Francis has neither complied nor sought an extension of the time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

But "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of

review is used.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)).  Under such circumstances, the Fifth Circuit will "affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Id.* at 1191.

Here, because it is unclear from Francis's vague pleading whether any of his intended claims will be time-barred, the Court, in an abundance of caution, analyzes the dismissal as one with prejudice.  First, there is a clear record of delay by Francis.  Since filing his pleading on August 9, 2022, he has filed one "status request," on August 30, 2022.  Doc. 3.  However, Francis has filed nothing since, and as stated previously, has failed to respond to either of the Court's deficiency orders.  Further, it does not appear that lesser sanctions would prompt Francis to prosecute his case since he has already failed to comply with two of the Court's prior orders.  *See*, *e.g.*, *Lucero v. Canchola*, Misc. Action No. 7:22-MC-134, 2022 WL 17573446, at *2 (S.D. Tex. Oct. 27, 2022), *rec. accepted* 2022 WL 17574802 (S.D. Tex. Dec. 9, 2022) (dismissing complaint with prejudice for failure to prosecute and noting that "[i]t appears that no lesser sanction is available since Plaintiff failed to comply with the Court's order, there appears to be no proper basis for subject matter jurisdiction, and Plaintiff has taken no further action in this case").

At bottom, Francis has been given ample opportunity to respond to the Court's deficiency orders.  He has impliedly refused or declined to do so.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of

prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on February 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).